# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| MELVIN PUGH, SR. | CIVIL ACTION NO. 09-1847-P |
| VERSUS | JUDGE STAGG |
| WARDEN ALVIN JONES | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Melvin Pugh, Sr. ("Petitioner), pursuant to 28 U.S.C. §2254.  The petition was received and filed in this Court on October 23, 2009.  Petitioner is incarcerated in the River Bend Detention Center in Lake Providence, Louisiana.  He challenges his state court convictions and sentences.  Petitioner names Warden Alvin Jones as respondent.

On October 14, 2004, Petitioner was convicted of one count of manslaughter and one count of obstruction of justice in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier.  On February 23, 2005, he was sentenced to 22 years imprisonment at hard labor as to the manslaughter conviction and two years imprisonment at hard labor as to the obstruction of justice conviction.  The trial court ordered said sentences to run concurrently.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel and (2) his guilty plea to obstruction of justice was entered unknowingly and involuntarily.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.  the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.  the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1]  The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

3.      the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on October 14, 2004 and sentenced on February 23, 2005. The Louisiana Second Circuit Court of Appeal affirmed his manslaughter conviction and sentence on direct review on November 2, 2005.  State v. Pugh, 40,287 (La. App. 2d Cir. 11/2/05), 914 So. 2d 1183.  Petitioner did not seek writs of review in the Supreme Court of Louisiana.  Therefore, Petitioner's one-year period as to his manslaughter conviction began on November 16, 2005, when the delay for applying for a rehearing expired.  See La. C.Cr.P. art. 922.   Petitioner did not challenge his obstruction of justice conviction and sentence on

direct appeal.  Therefore, Petitioner's one-year limitation period as to the obstruction of justice conviction began on November 13, 2004, when the delay for applying for a direct appeal expired.  See La. C.Cr.P. art. 914.

The federal petition currently before the Court was filed in this Court on October 23, 2009.  Since the federal clock began ticking on November 16, 2005 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before November 16, 2006.  This petition was not filed until October 2009, more than two years too late.

In addition, the post-conviction proceedings initiated by Petitioner in August 2008 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  Review of these proceedings continued until the Supreme Court of Louisiana denied relief on September 25, 2009.  State ex rel. Pugh v. State, 2008-2725 (La. 9/25/09), 18 So.3d 91.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until August 2008, after the limitation period had already expired in November 2006.  Thus, statutory tolling does not apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing

a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).   As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one year limitation period should be equitably tolled because after he was sentenced on February 23, 2005, he was incarcerated at the Bossier Medium Facility which did not have a law library, inmate counsel, or legal materials.  Petitioner claims he requested a transfer to Forcht Wade Correctional Center because he was aware that he had a two year limitation period in which to file a state court application for post-conviction relief.  Petitioner claims his request was denied.  Petitioner claims he was aware of his two year limitation period to file for state post-conviction relief because his

appellate counsel instructed him to file an application for post-conviction relief within two years after his direct appeal was denied on November 2, 2005.  Petitioner claims that on July 5, 2007, he was transferred to the River Bend Detention Center.  He claims that the facility had a small library and some legal materials.  He claims he began to work on his application for post-conviction relief at this time.  He claims he was unskilled in the law and had to learn how to write motions and gather evidence.  Petitioner also claims the autopsy report admitted into evidence contained conflicting causes of death and was altered by his attorney and the district attorney.  He claims it took him some time to find someone to review and explain the report to him.

These arguments do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The fact that Petitioner is proceeding pro se and was unaware of the law in this matter because he was unskilled and because of an inadequate law library are not "rare and exceptional" circumstances.  See United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir.), cert. denied, 121 S.Ct. 622 (2000); Scott V. Johnson, 227 F.3d 260, (5th Cir 2000).  Furthermore, Petitioner admits he was aware of the state court time limitations to file an application for post-conviction relief in November 2005 and failed to act.  Instead, he waited until August 2008, which was more than one year after he was transferred to the River Bend Correctional Center, to file an application for post-conviction relief.  Thus, equitable tolling does not apply in this matter and this case is time barred.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 18th day of May 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE